**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIO RAMOS HERNANDEZ, | No. 12-74218 |
| Petitioner, | Agency No. A071-595-495 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N. R. SMITH, Circuit Judges.

Gregorio Ramos Hernandez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the threats by guerillas and Ramos Hernandez's related experiences in Guatemala did not rise to the level of persecution. *See Gu v. Gonzale*s, 454 F.3d 1014, 1019 (9th Cir. 2006) (explaining that persecution is an 'extreme concept') (internal citations omitted); *see also Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'") (citation omitted). Substantial evidence also supports the BIA's conclusion that Ramos Hernandez failed to establish his related fear of future persecution was well-founded now that the civil war is over. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002). We reject Ramos Hernandez's estoppel contention as to the government's changed country conditions argument. *See Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007) ("A party seeking to raise estoppel against the government must establish affirmative misconduct going beyond mere negligence"). Finally, substantial evidence supports the BIA's conclusion that Ramos Hernandez failed to establish that his fear of gangs and general violence in

Guatemala is on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, his asylum claim fails.

In this case, because Ramos Hernandez failed to establish eligibility for asylum, he did not satisfy the standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of Ramos Hernandez's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya*, 524 F.3d at 1073.

Finally, we do not consider Ramos Hernandez's other contentions regarding IJ error. *See Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) ("our review is limited to the actual grounds relied upon by the BIA") (citation and quotation marks omitted).

**PETITION FOR REVIEW DENIED.**